**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

IN RE MONITRONICS INTERNATIONAL,
INC. TELEPHONE CONSUMER       MDL No. 1:13-MD-2493
PROTECTION ACT LITIGATION

This document relates to:
ALL CASES

_____

**JOINT RULE 26 REPORT OF THE PARTIES**

Pursuant to Paragraph 4 of this Court's Pretrial Order No. 1: Initial Scheduling Conference, Dkt. No. 7, the parties submitted position statements addressing various issues, which the Court used to conduct the telephone hearing which took place on January 24, 2014. During that hearing, the Court agreed with the suggestion that an in-person hearing to further plan the development of the case should take place after certain preliminary matters had been addressed. Those matters included the submission of a consolidated master complaint, a requirement that Plaintiffs provide certain preliminary information regarding the calls at issue in each of their cases, and for the Defendants to respond with information available to them about the calls identified by the Plaintiffs. The Court's directives on those issues were set forth in its Summary Order of February 11, 2014 (Dkt. 23), and the in-person hearing was set for May 12, 2014. (*Id.*) Those exchanges have taken place for the most part by the parties who were involved in the case at the time of the Court's February 11, 2014 Order.

Subsequently, the Court vacated the May 12, 2014 hearing, and in its Order resetting the hearing (Dkt. 88), directed the parties to confer on Rule 26 issues. The parties have conferred telephonically and by email and jointly submit this report.

**I. STATUS OF CASES IN THE MDL**

A. <u>Cases Pending in the MDL</u>

The following cases are currently pending in the MDL as a result of Transfer Orders issued by the Judicial Panel on Multidistrict Litigation:

1. Mey v. Monitronics International, Inc., et al., N.D.W.Va. Civil Action No. 5:11-cv-90-IMK

2. Bowler, et al. v. Monitronics International, Inc., 1:13-cv-0263-IMK[1]

3. O'Shea v. Alliance Security, LLC, et al., 1:13-cv-00264-IMK (originally C.D.Cal. Civil Action No. 8:13-cv-01054);

4. Giles v. ISI Alarms NC Inc., et al., 1:14-cv-00020

5. Bennett v. Monitronics International, Inc., et al., 1:14-cv-00034

6. Fairley v. Monitronics International, Inc., 1:14-cv-00054

7. Mey et al. v. Honeywell International Inc., et al., 1:14-cv-00059

8. Beavers, et al. v. Versatile Marketing Solutions, Inc., et al., 1:14-cv-00064[2]

9. Dolemba v. Monitronics International, Inc., et al., 1:14-cv-00066

10. Dolemba v. Alliance Security, Inc., et al., 1:14-cv-00082

11. Finklea v. Monitronics International, Inc., et al., 1:14-cv-87

B. <u>Cases Dismissed from the MDL:</u>

The following cases transferred into the MDL have subsequently been dismissed

1. Cain v. Monitronics International, Inc., 1:13-cv-00265-IMK
2. Primack v. Monitronics International, Inc. et al., 1:13-cv-00004-IMK

---

[1] Plaintiff Kenneth Clark was originally included as a named plaintiff in the *Bowler* matter. He was not listed as a named plaintiff in the Master Consolidated Complaint (Dkt. 34) and Plaintiffs anticipate that his claims will be dismissed by stipulation and order.

[2] This matter was originally filed in the Northern District of West Virginia and transferred into the MDL by this Court.

## II. STATUS OF MOTIONS PENDING BEFORE THE COURT

A. <u>Previously-Identified Motions</u>. The parties previously provided the Court with a list of outstanding motions pending at the time of their submission. Of those then-pending motions, only the following remain:

1. *O'Shea v. Alliance Security, LLC*, et al., N.D.W.Va. No. 1:13-cv-00264:

a. Defendant Monitronics International, Inc.'s Motion to Dismiss Or, In the Alternative, Stay (Dkt. No. 16 in the original court). Monitronics seeks dismissal of Plaintiff's Complaint as it fails to state plausible claims for relief. This motion was filed on September 18, 2013 and has been fully briefed. (Dkt. Nos. 19 & 20 in the original court). Prior to transfer to this Court, the transferor Court granted the motion to stay and deferred ruling on the motion to dismiss. (Dkt. No. 25 in the original court).

b. Plaintiff Kerry O'Shea's Motion for Class Certification (Dkt. No. 21 in the original court). This motion was filed on October 24, 2013 in an effort to comply with Local Rule 23-3 and prior to any discovery having been conducted. This motion was not addressed in light of the stay entered in the case. No discovery has been conducted and no opposition or reply papers filed. Monitronics understands that Plaintiff intends to withdraw this motion.

B. <u>Subsequent Motions</u>

1. *Mey v. Honeywell International, Inc., et al.*, N.D.W.Va. No. 1:14-cv-00059-IMK

a. Defendant Monitronics International, Inc.'s Motion to Dismiss (Dkt. No. 156 & 157 in the original court): Monitronics seeks dismissal of Plaintiff Philip Charvat's claims as the court lacks subject matter jurisdiction over those claims. Monitronics seeks dismissal of the claims asserted by Plaintiff Diana Mey and Philip Charvat as they fail to state plausible claims for relief. The action was stayed shortly after this motion was filed pending a decision by the JPML on transfer of the case to the MDL. (Order Staying Proceedings, Dkt. No. 167 in the original court). As a result, briefing has not yet been concluded.

b. Defendant Honeywell International, Inc.'s Motion to Transfer (Dkt. 79). Honeywell seeks transfer to the Southern District of West Virginia. Opening, responsive, and reply briefs have been filed.

c. Motion to Withdraw as Counsel by Robert Newkirk and Harry Bell (Dkt. 165 in the original action). Counsel for defendant ISI Alarms, Inc., seek to withdraw as counsel in the case.

      d.    Plaintiff's request for reasonable attorneys fees and costs arising from the Court's Order (Dkt. 159 in the original case) granting Plaintiffs' Second Motion to Compel.

      2.    *In re Monitronics International Inc., TCPA Litigation*, 1:13-md-2493.

      a.    Defendant UTC Fire and Security Americas Corporation Inc.'s Motion to Strike Portions of Plaintiffs' Master Consolidated Complaint (Dkt. 51). This motion also applies to 1:13-CV-00263, 5:11-CV-90, and 1:13-CV-00264.

      b.    Motion to Quash (Dkt. 111) and Motion for Protective Order (Dkt. 112) filed by non-party Power Home Technologies and referred by the Court to Magistrate Judge Kaull.

      3,    *Beavers, et al. v. Versatile Marketing Solutions, Inc., et al.,* 1:14-cv-00064

      a.    Alliance Security, Inc.'s Motion to Dismiss (Dkt. 23). The parties have agreed to defer briefing on the pending motion until after the June 5 status conference.

## III. ANTICIPATED MOTION TO AMEND

      A.    Plaintiffs anticipate filing an amended Master Consolidated Complaint, either by stipulation or on motion, to address, among other things, the claims of the newly-added Plaintiffs from cases transferred in to the MDL. Plaintiffs then anticipate filing Supplemental Statements for the new plaintiffs with Defendants filing responding statements per the same intervals set for the previously-filed statements.

## IV. MDL ADMINISTRATION AND POSSIBLE CASE MANAGEMENT ORDER

The parties believe that the Court should consider the entry of a more robust Case Management Order now that additional cases have been transferred into the MDL. The parties agree that such an order should address the handling of newly-transferred cases and discovery and deposition procedures. The parties have been unable to agree on a precise procedure for such cases.

      A.    <u>Plaintiffs' Proposed Procedure for Additional Transferred Cases</u>

      1.    If any additional case is transferred to the MDL, Plaintiffs, through their Liaison and Lead Counsel, may amend the Master Consolidated Complaint to incorporate claims from that case. If Plaintiffs intend to do so, they shall notify Defendants' Liaison Counsel of their intention no later than 15 days after the case is transferred.

  2. Within thirty days of providing this notice, Plaintiffs may file an amended Master Consolidated Complaint incorporating claims from the newly transferred case. Defendants shall have 30 days to file a responsive pleading.

  3. Additionally, each plaintiff added to the amended Master Consolidated Complaint shall serve the Supplemental Statement described in the Court's February 11, 2014 order within 30 days of the filing of the amended complaint. Defendants will then have 30 days to serve responsive Supplemental Statements.

  B. <u>Defendants' Proposed Procedure for Additional Transferred Cases</u>

  1. As additional cases (if any) are transferred into the MDL, the parties are obligated to review the allegations contained in the newly added cases to determine whether the claims asserted fall within the scope of the then-operative Master Consolidated Complaint. Plaintiffs are not obligated to amend the Master Consolidated Complaint nor are Defendants obligated to respond to the pleading filed in a transferred case unless, within 15 days of the effective date of the transfer of the action into the MDL, a party provides notice that it contends the new action presents either claims or classes not already addressed in the Master Consolidated Complaint or the Court otherwise orders the parties to supplement and/or respond.

  2. If such notice is provided, Plaintiffs are given leave to file a Supplemental Master Consolidated Complaint within 30 days of the notice to address the newly added claims or classes. Defendants in the transferred action will serve responses to the Supplemental pleading within 30 days after service of the Supplemental pleading in lieu of serving a response to the original pleading filed in the transferred case.

  3. If no such notice is provided, the additional transferred action shall be governed by the then-operative Master Consolidated Complaint and Defendants' responses thereto.

  4. Each Plaintiff in a newly-transferred action shall serve a Supplemental Statement as provided for in the Court's February 11, 2014 order within 30 days of the filing of a Supplemental Master Consolidated Complaint or, if none is necessary, within 30 days of the filing of the CTO in this District. For each Plaintiff Supplemental Statement served, the appropriate Defendants will serve responsive Supplemental Statements within 30 days of the service of each Plaintiff Supplemental Statement.

  C. <u>Proposed Discovery/Deposition Procedures</u>

  The parties propose the following with respect to paper discovery and deposition procedures in order to avoid duplication or repetitive discovery:

  1. Discovery shall be propounded and conducted by Co-Lead counsel or others as they may designate on behalf of all plaintiffs.

5

2. Discovery previously conducted in any case transferred into the MDL shall not be duplicated and shall be deemed to be available for potential use to all parties in the MDL.

3. Depositions noticed in any case in the MDL shall be deemed applicable to all cases in the MDL without the need to cross-notice the deposition.

4. Interrogatories, requests for production of documents, and requests for admissions served in any case in the MDL shall be deemed applicable to all cases in the MDL without the need to serve and respond to such in each case unless the parties to the discovery agree there is good cause exist for limiting the discovery for use in a particular case.

5. The parties are continuing to discuss the appropriate maximum number of interrogatories and requests for production of documents, whether the use of master discovery requests would best serve the interests of efficiency, whether there should be limits on the number of depositions. The parties agree to coordinate discovery efforts to reduce duplication of effort, including, but not limited to, ensuring that Defendants do not issue duplicative discovery to or engage in duplicative depositions of plaintiffs.

## V. PROPOSALS FOR A CASE MANAGEMENT SCHEDULE THROUGH A DECISION ON CLASS CERTIFICATION

All parties agree the Court should enter a scheduling order taking the cases in the MDL through a decision on class certification, but have been unable to agree on proposed deadlines. In addition, the parties believe the case would benefit from regularly-scheduled telephonic status conferences with the Court taking place every six to eight weeks during the period leading up to the filing of motions related to class certification.

Plaintiffs, Monitronics, and Alliance propose the following deadlines:

| Event | Deadline |
|---|---|
| Discovery Among the Parties Commences[3] | June 15, 2014 |
| Deadline to add parties | December 1, 2014 |
| Plaintiffs' expert disclosures due | February 13, 2015 |
| Defendants' expert disclosures | May 11, 2015 |
| Motions related to class certification filed | June 22, 2015 |
| Oppositions to class certification-related motions filed | July 20, 2015 |
| Replies in support of class certification-related motions filed | August 14, 2015 |

---

[3] Monitronics and Alliance propose that discovery be generally phased as follows: Master Written Discovery Applicable to All Cases, Case-Specific Written Discovery, Fact Depositions, Expert Disclosures, and Expert Depositions. Plaintiffs believe that the course of discovery can be addressed among counsel.

| Mediation completed | September 15, 2015 |
|---|---|
| Hearing on motions related to class certification | October 2, 2015 |

UTCFS proposes the following deadlines:

| **Event** | **Deadline** |
|---|---|
| Deadline to Add Parties/Amend Pleadings | 7/1/2014 |
| Deadline for Plaintiffs to Identify Call Records Containing Alleged TCPA Violations in this Action | 9/1/2014 |
| Defendants' Response to Plaintiffs' Identification of Call Records Containing Alleged TCPA Violations in this Action | 11/3/2014 |
| Plaintiffs' Disclosure of Primary Expert Witnesses | 12/15/2014 |
| Defendants' Disclosure of Primary Expert Witnesses | 1/20/2015 |
| Disclosure of Rebuttal Expert Witnesses | 2/19/2015 |
| Plaintiffs' Motion for Class Certification | 3/5/2015 |
| Defendants' Opposition to Plaintiffs' Motion for Class Certification | 4/6/2015 |
| Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification | 4/20/2015 |
| Completion of Pre-Class Certification Discovery | 4/6/2015 |
| Completion of Mediation Deadline | 5/4/2015 |
| Hearing on Motion for Class Certification (noted) | 4/20/2015 |
| Last Date to File Dispositive Motions | 6/15/2015 |

Defendant Honeywell supports the deadlines proposed by UTCFS.

Defendant ISI does not object to the deadlines proposed by Plaintiffs, Monitronics, and Alliance.

/s Jeffrey A. Holmstrand
Jeffrey A. Holmstrand (#4893)
FLAHERTY SENSABAUGH BONASSO PLLC
1225 Market Street
P.O. Box 6545
Wheeling, WV 26003
(304) 230-6600
*Counsel for Monitronics International, Inc.*


/s/ Gordon H. Copland
Gordon H. Copland (#828)
Christopher A. Lauderman (#11136)
STEPTOE & JOHNSON, PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8162
*Counsel for UTC Fire & Security
Americas Corp., Inc.*


/s/ John R. Teare, Jr.
John R. Teare, Jr. (#5547)
SPILMAN THOMAS & BATTLE PLLC
300 Kanawha Boulevard, East
Charleston, WV 25301
(304) 340-3800
*Counsel for Versatile Marketing Solutions, Inc.
d/b/a VMS Alarms and Alliance Security, Inc.*


/s/ Jonathan R. Marshall
John W. Barrett (#7289)
Jonathan R. Marshall (#10580)
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
*Counsel for Plaintiffs*

/s/ Lauri A. Mazzuchetti
Alexander Macia (#6077)
Charity K. Flynn (10592)
SPILMAN THOMAS & BATTLE PLLC
300 Kanawha Boulevard, East
Charleston, WV 25321-0273
(304) 340-3800

and

Lauri A. Mazzuchetti
Michael A. Innes
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, NJ 07054
(973) 503-5910
*Counsel for Honeywell International, Inc.*


/s/ Robert B. Newkirk, III
Robert B. Newkirk, III
NEWKIRK LAW OFFICE, P.A.
P.O. Box 2536
19810 W. Catawba Avenue
Cornelius, NC 28031
(704) 892-5898
*Counsel for ISI Alarms NC, Inc.*
